**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GIORGI DEVIDZE,**<br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN J.L. JAMISON, ACT FIELD OFF DIRECT JOHN E. RIFE, SECRETARY MARKWAYNE MULLIN, ACTING ATTORNEY GEN. TODD BLANCHE, U.S. DEPARTMENT OF HOMELAND SECURITY, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,**<br>**Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO. 26-6407** |

**O R D E R**

**AND NOW**, this 1st day of September, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1 (the "Petition")) and Respondents' response thereto[1] (ECF No. 4), it is hereby **ORDERED** as follows:

1. The Petition is **GRANTED**.[2] The Government shall **RELEASE** Petitioner from custody immediately and file an entry on the docket certifying compliance with this Order **no later than 5:00 p.m. on September 2, 2026.**

---

[1] Respondents' response to the present Petition is silent on the issue of whether it has any legal basis to oppose the release of Petitioner. As Respondents note, the U.S. Court of Appeals for the Third Circuit recently ruled on whether 8 U.S.C. § 1225(b)(2)(A) permits detention, without a bond hearing, of a noncitizen already in the United States who had previously entered without inspection. *See Buele Morocho v. Warden Phila. FDC*, Nos. 26-1150 & 26-1454, 2026 WL 2546223 (3d Cir. Aug. 28, 2026). It does not. *Id.* at *5–7 (holding that § 1225(b)(2)(A) applies only to "noncitizens at the border," not to noncitizens already residing in the United States).

[2] A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). The Court may decide the issues raised in the Petition without a hearing, as courts have done in similar cases. *See Rodriguez Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025).

2. Immediately upon Petitioner's release, Respondents shall return to Petitioner all personal property, including identification and other documents, confiscated upon or during his detention.

3. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, Petitioner is subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

4. The Government is temporarily enjoined from re-detaining Petitioner until **September 9, 2026**.

5. If the Government decides to pursue re-detention of Petitioner after September 9, 2026, it must first provide him with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

---

Petitioner, a native of Georgia, entered the United States at the southern border in or around December 2022. (ECF No. 1 ¶¶ 1, 18.) Petitioner was encountered by officers of the Department of Homeland Security ("DHS") shortly after entering the country, at which time he was detained, processed, and had removal proceedings initiated against him. (*Id.* ¶ 19.) Petitioner was then released into the United States to live in Philadelphia, Pennsylvania near his family and friends. (*Id.*) Petitioner has lived in Philadelphia since that time, applied for asylum, and obtained lawful work authorization. (*Id.* ¶ 20.) Petitioner has complied with all the conditions of his removal proceedings and immigration release, attended each hearing, and checked in with ICE at each scheduled appointment. (*Id.* ¶ 22.) Petitioner has never been charged with a violent crime or convicted of any crime. (*Id.* ¶ 57.) On or about August 26, 2026, DHS officials arrested Petitioner at his home and took him into the custody of Immigrations and Customs Enforcement ("ICE"). (*Id.* ¶ 22.) Petitioner is currently detained at the Philadelphia Federal Detention Center. (*Id.* ¶ 23.)

Respondents assert, without further explanation, that the present Petition "appears to fall under the *Q. Li* category of cases." (ECF No. 4 at 1.) However, Respondents present no substantive argument in opposition to the Petition. The Government has previously sought to justify detention of noncitizens without any bond hearing under 8 U.S.C. § 1225(b)(2)(A), an argument that this Court has consistently rejected. *See, e.g.*, *A.J.V.L. v. Jamison*, No. 26-cv-4669, 2026 WL 1998866 (E.D. Pa. July 9, 2026) (granting habeas petition where the Government likened Petitioner's circumstances to *Q. Li* cases); *Barrientos-Vanegas v. Jamison*, No. 26-cv-4146, 2026 WL 1816213 (E.D. Pa. June 23, 2026). For the reasons this Court has articulated on numerous occasions, as well as the reasoning recently announced by the Third Circuit in *Buele Morocho*, 2026 WL 2546223, the Court again rejects Respondents' apparent position (and analogy to *Q. Li*), grants the Petition, and orders Petitioner's immediate release.

6. The Government may not remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines at the bond hearing that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances so require.

7. The Clerk of Court shall **MARK** this case as **CLOSED**.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

______________________________

**HODGE, KELLEY B., J.**